UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATTHEW FRANK STOCK, an individual,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>NV ENERGY, INC., a corporation,<br><br>　　　　　　　　　Defendant. | Case No. 3:12-cv-00389-MMD-VPC<br><br>ORDER<br><br>(Def's Motion for Summary Judgment –<br>dkt. no. 56) |

**I.　SUMMARY**

Before the Court is Defendant NV Energy, Inc.'s Motion for Summary Judgment ("Motion"). (Dkt. no. 56.) For the reasons discussed below, the Motion is granted.

**II.　BACKGROUND**

Plaintiff's First Amended Complaint ("FAC") asserts the following disability and race discrimination claims arising out of Plaintiff's employment: (1) discrimination on the basis of disability pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a); (2) discrimination on the basis of perceived disability pursuant to the ADA, 42 U.S.C. § 12112 *et seq.*; (3) failure to engage in the interactive process pursuant to the ADA; and (4) race discrimination pursuant to Title VII, 42 U.S.C. § 2000e *et seq.* (Dkt. no. 30-1 at 2-7.) Plaintiff asserts these claims against Defendant NV Energy, Inc. solely, and states that Plaintiff has been continuously employed by NV Energy, Inc. since 1984. (*See id.* ¶¶ 2, 5.)

Plaintiff and Defendant stipulated to the filing of the FAC. (Dkt. no. 26.) Defendant filed an Answer to the FAC (dkt. no. 32), and the instant Motion (dkt. no. 56). Plaintiff filed an opposition to the Motion (dkt. no. 62) and Defendant filed a reply (dkt. no. 63).

## III.  DISCUSSION

### A.  Legal Standard

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (*citing* Fed. R. Civ. P. 56(c)). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ." *Anderson*, 477 U.S. at 255.

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The

nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Although the parties may submit evidence in an inadmissible form, the Court may only consider evidence which might be admissible at trial in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c).

**B.    Analysis**

Defendant argues that it is the parent company of Plaintiff's true employer, Sierra Pacific Power Company ("SPPC"), and a separate legal entity from SPPC. (Dkt. no. 56 at 27-28.) Therefore, Defendant argues, it is not liable for the discriminatory acts of SPPC. (*Id.*) In support of this argument, Defendant provides the declaration of Karyn Taylor, Associate General Counsel for SPPC. (*See* dkt. no. 56, Exh. 1.) In that declaration, Taylor states that "Plaintiff is employed by SPPC. SPPC is an entirely separate entity from NV Energy, Inc. Although the companies operate under the trade name NV Energy, it is only a holding company and trade name." (*Id.* ¶ 72.)

In his opposition, Plaintiff states that Defendant's argument "may be technically correct" but "is in no way a basis for granting summary judgment." (Dkt. no. 62 at 10.) Plaintiff's opposition does not dispute that Plaintiff is employed by SPPC or that Defendant is a separate business entity from SPPC. Instead, Plaintiff points out that Defendant's website states that SPPC now does business as NV Energy, and that Defendant's website and communications use the "NV Energy" name. (*Id.* at 10.) This evidence does not rebut Taylor's declaration, which states that SPPC is a separate business entity from NV Energy, Inc. that *operates* under the trade name "NV Energy." Plaintiff's evidence, at best, demonstrates that Plaintiff believed his employer to be Defendant and not SPPC. But that does not mean Plaintiff can seek to impose liability on

Defendant for SPPC's alleged discriminatory conduct if Plaintiff was not Defendant's employee. *See* 42 U.S.C. § 12112(a) (prohibiting discrimination "against a qualified individual on the basis of disability in regard to ... [the] privileges of *employment*.") (emphasis added); *Castle v. Eurofresh, Inc.*, 731 F.3d 901, 911 (9th Cir. 2013) (affirming dismissal of ADA claims against defendant where plaintiff was not defendant's employee); *E.E.O.C. v. Pc. Mar. Ass'n*, 351 F.3d 1270, 1273 (9th Cir. 2003) (finding a defendant cannot be liable to plaintiff for a Title VII claim unless there is "some connection with an employment relationship") (internal quotations and citation omitted).

Plaintiff argues that Defendant should be held liable because Defendant and SPPC are "joint employers" pursuant to *Wynn v. NBC*, 234 F. Supp. 2d 1067, 1093 (C.D. Cal. 2002). (Dkt. no. 62 at 11.) In order to hold an entity that is not a plaintiff's direct employer liable as a joint employer, a plaintiff would have to establish that the entity exercised "a comprehensive and immediate level of 'day-to-day' authority over employment decisions." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 682–83 (9th Cir. 2009) (finding that plaintiffs' general statement that defendant exercised control over their daily employment to be conclusory and affirming dismissal). Plaintiff argues that "[i]t is obvious from the record" that Defendant "is the one controlling the terms and conditions of Plaintiff's employment" but does not offer any evidence to support that conclusory assertion. (Dkt. no. 62 at 11.) In contrast, Defendant has presented the declarations of Plaintiff's supervisor and key decision makers, all of which state that they are employed by SPPC, not Defendant. (*See* dkt. nos. 56-3, 56-4, 56-6, 56-7, Exhs. 3, 4, 6, 7.) The FAC asserts that Plaintiff's direct supervisor and boss was McGee. (Dkt. no. 30-1 ¶¶ 14, 24.) Defendant submits the declaration of Bill McGee, which states that McGee was Plaintiff's supervisor and is employed by SPPC. (Dkt. no. 56-4, Exh. 4 ¶¶ 1– 2.) Defendant's undisputed evidence shows Defendant and SPPC were not joint employers.

Plaintiff's opposition criticizes Defendant for raising its argument so late in this proceeding. (*Id.* at 11.) Defendant's Answer to the FAC explicitly states, however, that

"Defendant denies that [Plaintiff] is an employee of NV Energy, Inc. Rather, Plaintiff is employed by [SPPC], doing business as NV Energy." (Dkt. no. 32 ¶ 1.) Defendant also provides a reply declaration from Taylor. It contains an email dated September 20, 2012, from Defendant's counsel to Plaintiff's counsel at the time, Brian Carter. (Dkt. no. 63-8, Exh. 38.) In it, Defendant's counsel informs Plaintiff's counsel that the FAC should name SPPC as the proper defendant and employer because Defendant is "a holding company with no employees." (*Id.*) Despite this email and Defendant's Answer to the FAC, Plaintiff has apparently made no effort to either substitute defendants or discover and present evidence supporting Defendant as Plaintiff's employer. Even in his opposition, Plaintiff makes no such effort, relying instead on his unsupported view that granting summary judgment based on Defendant's argument "would be an absolute mockery of our judicial system." (Dkt. no. 62 at 10.)

Defendant has presented admissible evidence that Plaintiff named the wrong employer and defendant in the FAC. Plaintiff fails to offer any admissible evidence to establish a genuine issue of material fact as to whether Plaintiff was, in fact, employed by Defendant or whether Defendant and SPPC were joint employers. Consequently, Plaintiff cannot seek to impose liability under employment discrimination claims against Defendant.

## IV.   CONCLUSION

It is therefore ordered that Defendant's Motion for Summary Judgment (dkt. no. 56) is granted. The Clerk of the Court is instructed to enter judgment in favor of Defendant and to close the case.

DATED THIS 10th day of September 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE